Edgar JACKSON *v.*
CIRCLE T EXPRESS and Second Injury Fund

CA 94-557                                    896 S.W.2d 602

Court of Appeals of Arkansas
Division I
Opinion delivered May 3, 1995

*Walker Law Firm*, by: *Eddie H. Walker*, for appellant.

*Shaw, Ledbetter, Hornberger, Cogbill & Arnold*, by: *E. Diane Graham*, for appellee Circle T Express.

*Terry Pence*, for appellee Second Injury Fund.

JAMES R. COOPER, Judge. The appellant appeals from a decision of the Workers' Compensation Commission finding that Circle T Express and the Second Injury Fund were not precluded from raising the issue of compensability and that the appellant failed to prove that he sustained an injury arising out of and in the course of his employment. On appeal, the appellant argues that the Commission erred in allowing the appellees to raise the issue of compensability after the issue had been stipulated to in a prehearing order and benefits had been paid and that there is no substantial evidence to support the Commission's denial of compensation. We affirm.

The appellant contends that he sustained a compensable injury on May 11, 1990. Circle T initially accepted the claim and paid compensation. A prehearing conference was held on December 16, 1991, in which Circle T stipulated that the appellant sustained a compensable injury on May 11, 1990, and a prehearing order was entered which recited this stipulation. Circle T controverted the appellant's entitlement to permanent disability in excess of a 20% anatomical rating. The parties agreed that the issues at the hearing would be wage loss disability, related medical expenses, and attorney's fees. Circle T subsequently joined the Second Injury Fund and the Fund denied the occurrence of an injury arising out of and in the course of the appellant's employment. Circle T then withdrew its stipulation and suspended payment of compensation on June 3, 1992.

After a hearing on August 24, 1992, the administrative law judge determined that Circle T was precluded from raising the issue of compensability but that the Second Injury Fund was not precluded from raising the issue. The ALJ further determined that the appellant failed to prove by a preponderance of the evidence that he sustained a compensable injury. After conducting a de novo review, the Commission determined that neither the Circle T Fund nor the Second Injury Fund was precluded from defending against the claim and that the appellant failed to prove that he sustained a compensable injury.

The appellant first argues that the Commission erred in allowing the appellees to raise the issue of compensability after the compensability of his claim had been stipulated to by the

parties. He further contends that since his claim was accepted as compensable and benefits had been paid he was prejudiced in having to prove compensability more than two years after the incident. We agree with the Commission's finding that Circle T was not precluded from denying further liability.

■ The Commission found that Circle T was not precluded from challenging the appellant's claim as a result of the stipulation or payment of compensation based upon the appellant's failure to prove that he sustained a compensable injury. The Commission refused to enforce the stipulation because it found that such enforcement would be contrary to the basic notions of justice and fair play. It concluded that "[t]o find on one hand that the facts fail to establish a cause of action and on the other to impose liability on one of the parties is not logically consistent or compatible with the interests of justice and fair play." Arkansas Code Annotated § 11-9-705(a)(1) (Supp. 1993) provides:

> In making an investigation or inquiry or conducting a hearing, the commission shall not be bound by technical or statutory rules of evidence or by technical or formal rules of procedure, except as provided by this chapter, but may make such investigation or inquiry, or conduct the hearing, in a manner as will best ascertain the rights of the parties.

We cannot say, in keeping with the Commission's statutory duty to act in the manner provided by law, that the Commission erred in finding that Circle T was not precluded from further challenging the compensability of the appellant's claim.

■ Even if Circle T had been precluded from defending against the claim, we would agree with the Commission's finding that the Second Injury Fund was not precluded from defending against the claim. Arkansas Code Annotated § 11-9-525(c)(1) (1987) provides the following:

> In all cases in which a recovery against the Second Injury Trust Fund is sought for permanent partial disability or for permanent total disability, the State Treasurer as custodian shall be named as a party and shall be entitled to defend against the claim.

The Commission noted that the statute did not provide any limitation on the Second Injury Fund's right to defend against a

claim and that its right to defend was not affected by the stipulation since it became a party after the stipulation between Circle T and the appellant. As a matter of due process, the Second Injury Fund is entitled to the opportunity to appear and defend against a claim. *Second Injury Fund* v. *Mid-State Const.*, 16 Ark. App. 169, 698 S.W.2d 804 (1985). One who becomes a party to an action after the making of a stipulation is not bound by that stipulation. 73 Am. Jur. 2d *Stipulations* § 9 (1974).

■ The appellant contends that he was prejudiced in that he was deprived of an opportunity to identify witnesses and obtain medical opinions at a time closely related to the date of his injury due to having to defend his claim two years after its occurrence. However, the record reveals, as discussed later, that the appellant obtained several medical opinions soon after May 11, 1990. We also note that the appellant has not shown that he was deprived of obtaining any additional evidence before the hearing that would have supported the compensability of his claim.

■ The appellant finally argues that the Commission's finding that he failed to prove that he sustained a compensable injury is not supported by substantial evidence. In determining the sufficiency of the evidence to sustain the findings of the Workers' Compensation Commission, we review the evidence in the light most favorable to the Commission's findings and affirm if they are supported by substantial evidence. *Grimes* v. *North American Foundry*, 42 Ark. App. 137, 856 S.W.2d 309 (1993). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *City of Fort Smith* v. *Brooks*, 40 Ark. App. 120, 842 S.W.2d 463 (1992). In making our review, we recognize that it is the function of the Commission to determine the credibility of the witnesses and the weight to be given their testimony. *Grimes* v. *North American Foundry, supra.* The Commission has the duty of weighing medical evidence and, if the evidence is conflicting, its resolution is a question of fact for the Commission. *Id.* The Commission is not required to believe the testimony of the claimant or any other witness, but may accept and translate into findings of fact only those portions of the testimony it deems worthy of belief. *McClain* v. *Texaco, Inc.*, 29 Ark. App. 218, 780 S.W.2d 34 (1989).

The appellant was employed by Circle T Express as a long

haul truck driver. He contends that he sustained a work-related injury while making a run. He stated that he slept in the sleeper compartment of his truck and awoke the next morning with shoulder pain. He continued on his run, but testified that his condition continued to worsen and his right arm became numb and weak with tingling in his fingers. He subsequently reported the problems to his supervisor.

The appellant testified that he related the history of the onset of his problems to each of his physicians. After completing his run on May 20, 1990, the appellant sought medical attention from Dr. Terrall Smith, a general practitioner. Dr. Smith's records indicate that the appellant related his problems to a bad seat in his truck. On May 22, 1990, the appellant was treated by Dr. Barry Southerland, a chiropractor. Dr. Southerland's records indicate that the appellant related his problems to a fall which occurred when a hand-hold bracket broke as he was climbing onto his truck. Dr. Southerland referred the appellant to Dr. Doug Parker, an orthopedic specialist. Dr. Parker's records do not indicate that the appellant related the onset of his problems to any specific incident. The appellant was next examined by Dr. Michael Standefer, a neurosurgeon, and his records indicate that "[t]he patient noted the onset of right upper extremity pain approximately one month ago with no previous inciting event being appreciated." In a response to a letter written by the appellant's attorney, Dr. Standefer, however, rendered the following opinion: "I am certainly inclined to agree with you that Mr. Jackson's development of neck, shoulder and upper extremity pain was secondary to cervical disc protrusion which developed subsequent to a job-related activity."

A report from a functional capacity evaluation the appellant performed on May 8, 1991, indicates he related that he sustained a work-related injury on May 11, 1990, after slipping on ice and falling on his back. At the hearing, the appellant testified that he had slipped on ice in December 1989 and that he fell when a bracket broke on his truck in January 1990, although neither of these incidents were reported. The appellant maintained that he had never experienced any problems with his neck, shoulder, arm or fingers prior to May 11, 1990.

The Commission found that the appellant attributed

his problems to various incidents and causes suggesting that he had been uncertain about the cause of his problems. The Commission pointed out that Dr. Standefer's opinion that the appellant's problems were job-related was inconsistent with his initial report. It further pointed out that this opinion did not indicate what job-related activity Dr. Standefer was referencing and did not indicate how the activity contributed to the appellant's condition. The Commission concluded that the evidence was insufficient to support a conclusion that any work-related activity caused the appellant's problems. We find that there is substantial evidence to support the Commission's decision.

Affirmed.

PITTMAN and ROBBINS, JJ., agree.