## GAITHER APPLIANCE *v.* Ricky STEWART

CA 07-878                                   288 S.W.3d 690

Court of Appeals of Arkansas
Opinion delivered October 22, 2008

*Frye Law Firm, P.A.*, by: *Cynthia E. Rogers*, for appellant.

*Dodson & Dodson, LLP*, by: *Nelson v. Shaw*, for appellee.

JOHN MAUZY PITTMAN, Chief Judge. Appellee sustained an admittedly compensable neck injury while employed by appellant in March 2004. After some benefits were paid, appellee filed a claim seeking permanent partial disability benefits, wage-loss disability benefits, and additional medical benefits. The Commission found that appellee had proven that he sustained an anatomical impairment of twelve percent, wage-loss disability of fifteen percent, and entitlement to additional medical treatment, including pain management. The Commission also found that the Second Injury Fund had no liability for payment of the benefits awarded to appellee. On appeal, appellant argues that there is no substantial evidence to support the findings of a twelve percent anatomical impairment, entitlement to wage-loss benefits, or entitlement to additional medical treatment. We affirm the anatomical-impairment and medical-benefits awards. However, we find merit in the challenge to the wage-loss benefits and reverse that part of the award.

When the sufficiency of the evidence is contested on appeal in a workers' compensation case, we view the evidence in a light most favorable to the Commission's findings and affirm if the findings are supported by substantial evidence. *Patterson v. Arkansas Insurance Department*, 343 Ark. 255, 33 S.W.3d 151 (2000). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* There may be substantial evidence to support the Commission's decision even though we might have reached a different conclusion if we had sat as the trier of fact or heard the case de novo; in other words, we will not reverse the Commission's decision unless we are convinced that fair-minded persons with the same facts before them could not have reached the conclusion of the Commission. *Id.*

Appellant first argues that the evidence was insufficient to support a finding of twelve-percent anatomical impairment. This argument goes to the weight and credibility of the evidence

rather than to its sufficiency. Dr. Safman opined that appellee sustained anatomical impairment of twelve percent as a result of his compensable injury. Dr. Cavanaugh stated that he believed any anatomical impairment was chiefly the result of appellee's preexisting disease of the cervical spine. Here, the Commission simply chose to believe the testimony of one physician rather than the other. In such circumstances, we are powerless to reverse the Commission. *Henson v. Club Products*, 22 Ark. App. 136, 736 S.W.2d 290 (1987).

Appellant next argues that the evidence was insufficient to sustain the Commission's award of additional medical treatment for pain management. This argument is premised on appellant's assertion that appellee's impairment was the result of his preexisting condition; consequently, this, too, goes to the weight and credibility of the evidence regarding the cause of appellee's impairment. However, questions concerning the credibility of witnesses and the weight to be given to their testimony are within the exclusive province of the Commission. *Arkansas Department of Health v. Williams*, 43 Ark. App. 169, 863 S.W.2d 583 (1993). It is the responsibility of the Commission to draw inferences when the testimony is open to more than a single interpretation, whether controverted or uncontroverted, and when it does so, its findings have the force and effect of a jury verdict. *Id.* As we held with respect to the previous point, despite appellant's contention that the opinion of Dr. Cavanaugh was entitled to more weight, Dr. Safman's opinion that the compensable injury was the major cause of appellee's anatomical impairment is substantial evidence to support the Commission's finding to that effect.

Finally, appellant argues that appellee waived his right to any wage-loss benefits because he refused to participate in "an offered program of rehabilitation." *See* Ark. Code Ann. § 11-9-505(b)(3) (Repl. 2002). There was evidence that appellee refused to talk to Heather Naylor, a vocational rehabilitation specialist employed by appellant, explaining that he declined to speak to her until "after January," *i.e.*, after the hearing before the administrative law judge. At the hearing, appellee was asked by appellant's counsel whether he understood that he was "waiving rehabilitation" by "coming here today and asking for permanent disability," to which appellee answered, "That's fine by me." The Commission nevertheless found that no waiver occurred because the above-

quoted question was an incorrect statement of the law and because no specific program of rehabilitation was ever offered to appellee.

In *Burris v. L & B Moving Storage*, 83 Ark. App. 290, 123 S.W.3d 123 (2003), we upheld the Commission's construction of the statutory-waiver provision. There, the Commission's opinion stated that:

> Despite counsel's stipulation that the respondents had "offered vocational rehabilitation," there was no testimony indicating what sort of rehabilitation was offered the claimant. Nor was there any record of consultation with a vocational counselor or any other offer of vocational rehabilitation. In order to rely upon Ark. Code Ann. § 11-9-505(b)(3) in foreclosing the claimant's entitlement to permanent partial disability, the respondents must show that the claimant refused to participate in a program of vocational rehabilitation or job placement assistance, or, through some other affirmative action, indicated an unwillingness to cooperate in those endeavors.

*Burris*, 83 Ark. App. at 296, 123 S.W.3d at 127.

Arkansas Code Annotated section 11-9-505(b)(3) provides that:

> The employee shall not be required to enter any program of vocational rehabilitation against his or her consent; however, no employee who waives rehabilitation or refuses to participate in or cooperate for reasonable cause with either an offered program of rehabilitation or job placement assistance shall be entitled to permanent partial disability benefits in excess of the percentage of permanent physical impairment established by objective physical findings.

We have held that the statute does not require that every claimant must formally file for rehabilitation with the Commission or waive entitlement to disability benefits where there is no evidence that a "plan of rehabilitation" was offered. *Second Injury Fund v. Furman*, 60 Ark. App. 237, 961 S.W.2d 787 (1998). Here, however, given the undisputed evidence that appellee was contacted by appellant's vocational rehabilitation specialist but refused to speak to her until after the hearing was concluded, we think that the only reasonable conclusion to be drawn was that a rehabilitation plan existed and that appellee manifested an unwillingness to cooperate. Therefore, we reverse the

Commission's award of wage-loss benefits in excess of appellee's anatomical impairment.

Affirmed in part; reversed in part; and remanded.

MARSHALL and HEFFLEY, JJ., agree.