2012 Ark. App. 526

**WELD RITE, INC., Appellant**

**v.**

**Mark DUNGAN, Appellee.**

**No. CA 12–226.**

Court of Appeals of Arkansas.

Sept. 26, 2012.

614

Ethredge & Copeland, P.A., by: Johnnie A. Copeland, Mountain Home, for appellant.

Frederick S. "Rick" Spencer, for appellee.

JOHN B. ROBBINS, Judge.

Appellant Weld Rite, Inc., appeals the award of benefits for a left-wrist injury sustained by appellee Mark Dungan in a fall from a ladder at work on the afternoon of January 28, 2008. Weld Rite contends that this injury would be compensable had the injury not been substantially occasioned by Dungan's use of illegal drugs (marijuana) and alcohol. The claimant prevailed before the administrative law judge (ALJ), and on de novo review by the Workers' Compensation Commission, it affirmed the award of benefits.[1] Weld Rite appeals, asserting that the ALJ and Commission erred in finding that the presumption of non-compensability was not triggered in this instance, and erred in finding that the evidence did not establish by a preponderance that the injury was substantially occasioned by Dungan's use of

---

1. The Commission affirmed and adopted the ALJ's findings of fact and conclusions of law with the exception of one finding of fact. The Commission rejected finding of fact number four, thereby eliminating an apparent typographical error.

illegal drugs or alcohol. We affirm the ALJ's and Commission's decisions.

■ ⌊₂We review decisions of the Workers' Compensation Commission to determine whether there is substantial evidence to support it. *Rice v. Georgia Pacific Corp.*, 72 Ark.App. 148, 35 S.W.3d 328 (2000). Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Wheeler Constr. Co. v. Armstrong*, 73 Ark. App. 146, 41 S.W.3d 822 (2001). We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings. *Geo Specialty Chem. v. Clingan*, 69 Ark.App. 369, 13 S.W.3d 218 (2000). It is the Commission's province to weigh the evidence and determine what is most credible. *Minn. Mining & Mfg. v. Baker*, 337 Ark. 94, 989 S.W.2d 151 (1999); *Buford v. Standard Gravel Co.*, 68 Ark.App. 162, 5 S.W.3d 478 (1999). It is the responsibility of the Commission to draw inferences when the testimony is open to more than a single interpretation, whether controverted or uncontroverted, and when it does so, its findings have the force and effect of a jury verdict. *Gaither Appliance v. Stewart*, 103 Ark.App. 276, 288 S.W.3d 690 (2008). The issue on appeal is not whether we would have reached a different result or whether the evidence would have supported a contrary conclusion; we affirm if reasonable minds could reach the Commission's conclusion. *Sharp County Sheriff's Dep't v. Ozark Acres Improvement Dist.*, 75 Ark.App. 250, 57 S.W.3d 764 (2001).

■ The parties entered into certain stipulations prior to the administrative hearing and reiterated them at the beginning of the hearing. One stipulation was that the claimant's wrist injury would be compensable had it not been substantially

occasioned "by illegal use ⌊₃of drugs." During the hearing, the employer's attorney clarified that the illegal drug was marijuana and added "potentially alcohol" as a causative factor.

The testimony revealed that appellee Dungan, a man in his forties, worked for appellant, a metal fabrication company, among about thirty-five other employees. Dungan stated that he was at work at approximately 3:00 p.m. on January 28, 2008, hanging large sheets of metal for a drop ceiling. He was using scaffolding and a ladder to reach the necessary heights, and Ray Young was present as the foreman that day. Dungan testified that he was drilling a screw into sheet metal above his head when he felt the ladder give way. Dungan said that the ladder was defective because the "feet" at the bottom of this ladder were bent and twisted, about which he had complained numerous times to Young and the company owner, Billy Shavers. He said he was told only to be careful while using the equipment.

Dungan said he hit his head and left wrist when he hit the floor.[2] He reported this to the main office, and another employee, Debbie Young, drove him to a local clinic. The clinic sent them immediately on to Fulton County Hospital due to the severity of his injury. At the hospital, he was given pain-medication injections, a wrist splint, and a prescription for pain medication. He was discharged and told to report to the hospital in Batesville the following day, leading to orthopedic surgery in February 2008 to reset his wrist with a steel plate and a subsequent carpal-tunnel-release surgery in March 2008. He missed some weeks of work due to the surgeries. Dungan denied that anyone ever asked him to take a drug test ⌊₄or that

---

**2.** The issue of whether Dungan sustained a compensable head injury was reserved.

he refused to take one. Dungan said he believed he would have passed a drug test had he taken one that day.

Dungan said he did not drink or do drugs that day or the day before, although he admitted to drinking a six-pack of beer over the weekend. Dungan stated that his most recent marijuana use prior to his work injury was two weeks or more before he fell from the ladder. Dungan frankly admitted that he had used drugs sporadically through the years, specifically marijuana and Xanax, and he even admitted smoking marijuana on the Weld Rite premises with other employees in April or May 2008, but he denied ever having used drugs on a daily basis.

Dungan testified that he experienced a difficult divorce from his ex-wife in approximately 2009. He claimed that his ex-wife cooked methamphetamine and abused multiple substances—Xanax, various prescription pain medications, methamphetamine, marijuana, and whiskey. He also acknowledged being fired a year or so after this accident because he came to work "hung over," but he was rehired about three weeks later.

Dungan's ex-wife testified that she was still living with Dungan at the time of the work accident and that he smoked marijuana on a daily basis. She said she smoked marijuana with Dungan before he went to work that morning, but she could not recall the date of his accident. She said he typically left for work at about 6:30 a.m. She testified that Dungan told her that he was glad that he was not drug-tested because he would have been positive for marijuana and most likely methamphetamine. She agreed that she lost custody of their children in November 2009 due to her own drug use, but she said she was presently in outpatient treatment.

Billy Shavers, owner of Weld Rite, testified that his workers' compensation insurance coverage had lapsed by the time of this work accident. Shavers denied ever being told that this particular ladder was defective; he denied it being defective. Shavers said Dungan was performing excellent work that day and did not appear to be intoxicated when he saw him that morning or mid-morning. Shavers claimed that Dungan refused to take a drug test at the first clinic where he was taken, but he could not recall who told him about any drug-test refusal. Shavers implied that other employees told him that Dungan was "on something."

Debbie Young, wife of Ray Young, testified that she was working in the Weld Rite office that day and was the one who drove Dungan to the clinic and then the hospital. She said no one asked about a drug test at the clinic, but she added that Dungan told her that he hoped he would not have to take a drug test because he would not pass. She said Dungan did not smell of alcohol or marijuana that day and that her only observation of impairment was that he slurred his speech.

Ray Young, the foreman, testified that he and Dungan used marijuana on the job in the weeks prior to this accident, and he observed Dungan intoxicated on the job a few times. He did not tell anyone in management about that until after the accident, which was in response to the owner asking if Dungan had any "problems." Mr. Young denied ever being told that this ladder was defective.

William Smith, another Weld Rite employee, testified that Dungan regularly smelled of alcohol at work, three or four days per week. He also said that he thought it was unwise for Dungan to place the feet of the ladder on tin and not the concrete floor. Smith, a two-time felon, admitted that he smoked marijuana with Dungan a month or so prior to the acci-

dent. Smith thought that on the day of the accident, Dungan smelled of alcohol but not marijuana.

The ALJ found that no test was performed on Dungan in proximity to the fall at work to establish the presence of drugs or alcohol in his system at the time of injury. The ALJ further found that she was not persuaded by testimony that Dungan was under the influence of alcohol or marijuana at the time of the accident. She found the credibility of Billy Shavers and Ray Young to be "highly suspect after having observed their demeanor at the hearing and when comparing their testimony with the evidence as a whole." She deemed Mr. Shavers "not a credible witness." The ALJ deemed Mr. Young credible only when he stated that Dungan did not appear impaired immediately after the accident and when he stated that Mr. Shavers asked all employees after the fact if Dungan might have a problem. She noted the lack of any medical care provider stating in any assessment that Dungan smelled of alcohol or marijuana, that he had slurred speech, that he was unsteady on his feet, or that he otherwise appeared impaired. She also noted the lack of evidence on the job site that Dungan had been drinking or ingesting marijuana. The ALJ determined that any slurred speech was in relation to the pain medications he was given, in addition to the pain and shock induced by the injury. The ALJ gave little weight to Mr. Smith's testimony that Dungan smelled of alcohol that day, given that no medical personnel made any such observation. She found Dungan's ex-wife's testimony to be "highly suspect given the couple's history."

In summation, the ALJ found that Weld Rite failed to demonstrate by a preponderance of the credible evidence that alcohol or marijuana was present in Dungan at the time of his work accident, thereby failing to trigger the presumption of non-compensability. The Commission, in a unanimous opinion, affirmed and adopted that finding, leading to the appeal before us now.

■ Arkansas Code Annotated section 11–9–102(4)(B)(iv)(b) (Supp.2009) sets forth the statutory presumption that an accidental injury is substantially occasioned by the use of alcohol, illegal drugs, or prescription drugs when the "presence" of those substances is established by a preponderance of the evidence. In that case, the injury is not compensable under our Workers' Compensation Act unless the claimant can successfully rebut the statutory presumption of non-compensability. Ark.Code Ann. § 11–9–102(4)(B)(iv)(d). Appellant correctly notes that "presence" is not required to be established by a formal scientific test; it may be established by a preponderance of credible other evidence. *See Flowers v. Norman Oaks Constr. Co.,* 341 Ark. 474, 17 S.W.3d 472 (2000). Weld Rite contends that the Commission erred by not finding the statutory presumption triggered in this instance. We disagree.

■ This was a matter left to the ALJ and Commission to decide in giving due weight to whatever evidence and testimony they deemed credible. The issue is not whether we would have decided differently had we been the determiner of fact; the issue is whether reasonable minds could conclude as the ALJ and Commission did. *Sharp County Sheriff's Dep't v. Ozark Acres Improvement Dist.,* 75 Ark.App. 250, 57 S.W.3d 764 (2001). The Commission is the sole determiner of the credibility of witnesses and the weight to be given to testimony; it may accept and translate into findings of fact only those portions of testimony it deems worthy of belief. *Jackson v. Circle T Express,* 49 Ark.App. 94, 896 S.W.2d 602 (1995); *Johnson v. Rice-*

*land Foods,* 47 Ark.App. 71, 884 S.W.2d 626 (1994). It is apparent that the ALJ and Commission determined that Weld Rite's owner and employees, as well as Dungan's ex-wife, gave less than credible testimony. The medical evidence does not bear out indicia of impairment, nor does it indicate that a drug test was sought or refused. We hold that the Commission did not err in not shifting the statutory burden to Dungan to disprove that his work accident was substantially occasioned by the use of marijuana or alcohol.

■■■ Weld Rite argues in the alternative that even if the statutory presumption was not triggered, the Commission's decision is still not supported by substantial evidence. We disagree. In order for an accidental injury to be "substantially occasioned" by the use of illegal drugs or alcohol, there must be a direct causal link between the use of illegal drugs or alcohol and the injury sustained. *ERC Contractor Yard & Sales v. Robertson,* 335 Ark. 63, 977 S.W.2d 212 (1998).

Dungan frankly admitted to occasional alcohol and illegal drug use, some before and some after this work accident. Nonetheless, based upon what was deemed credible by the ALJ and Commission, there was not a preponderance of evidence to support the necessary causal link between his previous use of marijuana or alcohol to this work accident on the afternoon of January 28, 2008. *ERC Contractor, supra* (holding that even if the statutory presumption was triggered, other evidence deemed credible supported finding that there was no causative link between previous use of alcohol and the work accident); *Telling Indus. v. Petty,* 2010 Ark. App. 602, 378 S.W.3d 167 (holding that the Commission was entitled to make determinations of credibility and find that the claimant rebutted any presumption of non-compensability).

This case turned on credibility determinations, a function left to the ALJ and Commission, and for that reason, the award of benefits in this claim is affirmed.

Affirmed.

PITTMAN and GLADWIN, JJ., agree.