

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-13-541

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** October 23, 2013 |
| WINFRED KIMBLE | | APPEAL FROM THE ARKANSAS |
| | APPELLANT | WORKERS' COMPENSATION |
| | | COMMISSION |
| V. | | [No. G201997] |
| | | |
| LABOR FORCE, INC. | | |
| | APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

Appellant Winfred Kimble appeals from the opinion of the Arkansas Workers' Compensation Commission finding that he failed to meet his burden of proving a compensable injury to his neck caused by either a specific incident or gradual onset. We affirm.

Kimble, age fifty-two, was employed by appellee Labor Force, Inc., and assigned to work for Apple Tree Service, where he worked removing trees from power lines. Part of his job included "pulling brush," which required him to pick up trimmed limbs—weighing between five and fifty pounds—and throw them into a wood chipper. On Friday, February 17, 2012, after working a full day (7:00 a.m. to 3:30 p.m.) pulling brush, Kimble recalled feeling sore in his right shoulder and neck but left work as usual. The next morning, he awoke and drove to the grocery store. As he walked into the store, he felt severe pain in his right shoulder. He thought he was having a heart attack and drove home, where he asked his girlfriend to take him to the emergency room. He was admitted into the hospital, where doctors ruled out a cardiovascular event. While in the hospital, Kimble contacted his supervisor, James Griffin, and told him that



he (Kimble) would not be at work the following Monday. He did not report a work-related injury to Griffin.

During his hospital stay, doctors concluded (based on a cervical MRI taken February 19, 2012) that Kimble suffered from multilevel degenerative disc disease and a posterior central disc extrusion at C3-4 causing moderate midline ventral cord impingement. Kimble was treated with an epidural steroid injection. After five days, Kimble was released from the hospital and referred to a neurosurgeon, Dr. Mark Smith, for continued injections. Kimble did not follow through with the referral because of the expense. Instead, he was sent to Dr. George Burgess, at a community medical clinic, who restricted Kimble to light-duty work, recommended a neurosurgical consult, and continued to prescribe medications. Kimble has not returned to work for Labor Force and has not worked in any capacity since February 17, 2012.

When Kimble filed a claim for workers' compensation benefits, Labor Force controverted the claim in its entirety. A hearing was held before an administrative law judge (ALJ) on October 25, 2012. The dispositive issue was whether Kimble suffered a specific-incident or gradual-onset neck injury. The sole witness at the hearing was Kimble, and he testified that although he recalled feeling sore two to three days prior to Friday, February 17, 2012, he did not feel like he had hurt himself on February 17. He added that he did not recall anything specific that would have occurred at work that would have injured his neck. He said that he never stopped work due to an injury, and he did not report any type of injury on that date. According to Kimble, it was not until days later when he was advised of the MRI results that it occurred to him that he had hurt himself at work. He said, "I just figured when I got [the



MRI results] that what I had been doing for the past week is probably what caused that." When asked whether he knew what happened at work to cause him to have a neck problem, Kimble responded, ". . . just pulling that brush, that's the only thing I figured it probably could have happened from."

On January 22, 2013, the ALJ issued an opinion finding that Kimble failed to prove by a preponderance of the evidence that he sustained a compensable injury to his neck. The ALJ noted that while Kimble presented evidence of objective findings supporting a neck injury, he failed to prove a specific-incident injury or a gradual-onset injury. Kimble appealed the ALJ's decision, and in an opinion filed May 21, 2013, the Commission affirmed and adopted the ALJ's decision. Kimble timely appealed.

When reviewing a decision of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission, and we affirm that decision if it is supported by substantial evidence. *Weaver v. Nabors Drilling USA*, 98 Ark. App. 161, 162, 253 S.W.3d 30, 31 (2007). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*, 253 S.W.3d at 31. We will not reverse the Commission's decision unless we are convinced that fair-minded persons with the same facts before them could not have reached the conclusions arrived at by the Commission. *Id.*, 253 S.W.3d at 31–32. It is the function of the Commission to determine the credibility of witnesses and the weight to be given their testimony. *Id.*, 253 S.W.3d at 32.

SLIP OPINION

We first address the Commission's finding that Kimble failed to prove that he suffered a compensable specific-incident neck injury. This type of injury is defined as an "accidental injury . . . arising out of and in the course of employment. . . ." Ark. Code Ann. § 11-9-102(4)(A)(i) (Repl. 2012). "An injury is 'accidental' only if it is caused by a specific incident and is identifiable by time and place of occurrence; . . . ."*Id.*[1] In *Edens v. Superior Marble & Glass*, our supreme court held that "identifiable by time and place" meant subject to identification and did not require the claimant to specify the exact time of the occurrence. 346 Ark. 487, 492, 58 S.W.3d 369, 373 (2001).

In the case at bar, substantial evidence supports the Commission's finding that Kimble failed to prove a compensable specific-incident neck injury as he was unable to identify a work event that caused his injury. As pointed out by the Commission, Kimble testified that he did not think that he injured himself on February 17.

> Q:     Is there any specific thing that you can think of, that you can recall at the time that Friday that you can think back and say I think I hurt myself there?
>
> A:     No.

He could not remember an acute trauma on February 17, he did not stop working at any point and was able to complete his shift on that day, he did not report any injury or incident to his co-employees or supervisors that day, and when he left work that day he did not think he had

---

[1]In this case, the Commission found that Kimble failed to prove that he suffered a compensable neck injury caused by a specific incident or by gradual onset. In either case, under the Workers' Compensation Act, the compensable injury must be supported by objective medical findings not under the voluntary control of the claimant. Ark. Code Ann. § 11-9-102(4)(D) and (16)(A)(i) (Repl. 2012). It is undisputed in this case that objective findings support the existence of Kimble's neck injury.

injured his neck in any way. When Kimble sought medical treatment the following day, he did not report a neck injury or any type of incident at work that could have caused a neck injury. Kimble's own testimony demonstrates his inability to identify a specific incident that caused his condition. The only evidence in the record linking Kimble's neck injury to his work was his testimony that "I just figured when I got [the MRI results] that what I had been doing at work for the past week is probably what caused that."

Q:     That's your speculation about what happened?

A:     Yes.

Speculation and conjecture, even if plausible, cannot take the place of proof. *Serrano v. Westrim, Inc.*, 2011 Ark. App. 771, at 7, 387 S.W.3d 292, 297.

The facts in the instant case are similar to those in *Weaver v. Nabors Drilling USA*, where the claimant testified that while at work he felt tingling and burning in his hands but he was unable to define a specific incident that caused his condition. *Weaver*, 98 Ark. App. at 161, 253 S.W.3d at 31. A few days later he went to the emergency room, where he did not mention a work-related incident, but was diagnosed with a neck injury. *Id.* at 162, 253 S.W.3d at 31. Despite the claimant's argument that his job must have caused his neck injury because there was no other explanation, the Commission found that the claimant failed to prove a compensable injury to his neck because he failed to present proof of a specific incident that caused his condition. *Id.* at 162, 253 S.W.3d at 31. On appeal, we affirmed, holding that substantial evidence supported the Commission's decision that the claimant failed to prove his case. *Id.* at 163, 253 S.W.3d at 32. We held that the claimant only proved that he had an injury and that he felt pain while at



work—he failed to show that a specific incident occurred at work. *Id.* at 162–63, 253 S.W.3d at 31–32. We rejected the claimant's request to infer that his injury was caused by his employment. *Id.* at 163, 253 S.W.3d at 32. *See also Hapney v. Rheem Mfg. Co.*, 342 Ark. 11, 16, 26 S.W.3d 777, 780 (2000), *petition for reh'g granted on other grounds* (rejecting claimant's argument that she suffered a specific-incident neck injury where her deposition testimony reflected that she did not know how she was injured, she did not recall anything specific happening, and she did not tell her treating physician that her pain was associated with any particular, specific incident).

As in *Weaver* and *Hapney*, we likewise reject Kimble's request to infer that his job must have caused his neck injury because there was no other explanation. Such a conclusion would be based on nothing more than Kimble's admitted speculation. In contrast, substantial evidence reflects that on February 17, Kimble knew of no work incident, did not know that he was hurt, worked a full shift, and did not report a work incident to his co-employees or supervisor. Furthermore, he did not report a work incident to the doctors the following day. Accordingly, we affirm the Commission's finding that Kimble failed to prove a compensable specific-incident neck injury.

The Commission also found that Kimble failed to prove that he suffered a compensable gradual-onset neck injury. A claimant seeking benefits for a gradual-onset injury to the neck must prove by a preponderance of the evidence that (1) the injury arose out of and in the course of his employment; (2) the injury caused internal or external harm to the body that required medical services or resulted in disability or death; and (3) the injury was the major cause of the disability or need for medical treatment. *Smith v. Commercial Metals Co.*, 2011 Ark. App. 218, at

SLIP OPINION

9, 382 S.W.3d 764, 769; Ark. Code Ann. § 11-9-102(4)(A)(ii)(b) & (E)(ii) (Repl. 2012). "Major cause" is defined as more than fifty percent of the cause. Ark. Code Ann. § 11-9-102(14)(A).

On this point, the Commission found that Kimble failed to prove that his neck injury arose out of and in the course of his employment. The Commission was not convinced that Kimble's neck injury arose gradually over the week prior to February 17, 2012. Substantial evidence supports this finding. Kimble failed to report any type of neck problem to his co-employees or his employer the week leading up to February 17, 2012; he left work that week unaware that he suffered a neck injury; and he did not report any type of neck problem to his doctors when he sought treatment. Again, the only evidence in the record on causation is Kimble's admittedly speculative testimony that he "figured" that his neck condition was caused the week leading up to February 17, 2012.

Substantial evidence also supports the Commission's finding that Kimble failed to prove that a work-related neck injury was the major cause of his need for treatment. The MRI results showed both disc abnormalities and multilevel degenerative disc disease. And the Commission afforded more weight to the degenerative condition, stating that it could be a factor in Kimble's neck injury and need for treatment. The Commission has the authority to accept or reject a medical opinion and the authority to determine its probative value. *Greene v. Cockram Concrete Co.*, 2012 Ark. App. 691, at 7. When the Commission weighs medical evidence and the evidence is conflicting, its resolution is a question of fact for the Commission. *Id.* We further note that



Kimble, the party with the burden of proof, did not offer testimony from his doctors establishing that the major cause of his neck injury was his work.[2]

Kimble insists that the Commission erred by relying so heavily on the fact that he suffered from degenerative disc disease and ignoring the absence of evidence that he suffered from any prior neck problems. Citing *Cooper Tire & Rubber Co. v. Leach*, 2012 Ark. App. 462, and *Wright v. St. Vincent Doctors Hospital Indemnity Insurance Co.*, 2012 Ark. App. 153, 390 S.W.3d 779, he claims that the major-cause requirement can be satisfied when work aggravates an asymptomatic preexisting condition. However, those cases are inapplicable because major cause was addressed for purposes of determining those claimants' entitlement to permanent benefits under Ark. Code Ann. § 11-9-102(4)(F)(ii)(a)—not for purposes of determining the compensability of a gradual-onset injury.

Kimble's reliance on *Vijil v. Schlumberger Technology. Corp.*, 2012 Ark. App. 361, is also misplaced. In *Vijil*, our court reversed and remanded the Commission's denial of benefits to a claimant who reported to the hospital with what he thought was a heart attack/stroke but later

---

[2]The lack of medical evidence supporting Kimble's gradual-onset-injury claim is the distinguishing factor between his case and *Parker v. Atlantic Research Corp.*, 87 Ark. App. 145, 189 S.W.3d 449 (2004), another case on which Kimble relies. There, the claimant sought benefits for a gradual-onset neck injury, where objective findings were documented along with significant preexisting degenerative disc disease. The Commission denied the claim, finding as a matter of law that an injured worker with a work-related aggravation of preexisting disc abnormalities cannot meet the major-cause requirement. *Parker*, 87 Ark. App. at 154, 189 S.W.3d at 454. We reversed, holding that the claimant presented sufficient major-cause evidence, specifically citing testimony from her doctor that the work-related aggravation/new injury was the major cause of her disability and need for treatment. *Id.* at 154, 189 S.W.3d at 454-55. In the case at bar, there is no major-cause medical evidence.

learned that he had neck and back injuries along with degenerative disc disease. *Vijil*, 2012 Ark. App. 361, at 4. *Vijil* is not applicable because the claimant there suffered a specific-incident-injury—not a gradual-onset injury; therefore, the major-cause requirement was not at issue like it is in Kimble's case.

In sum, we hold that substantial evidence supports the Commission's decision that Kimble failed to prove a compensable neck injury—resulting from either a specific incident or gradual onset. Therefore, we affirm.

Affirmed.

WYNNE and GLOVER, JJ., agree.

*Moore, Giles & Matteson, LLP*, by: *Greg Giles*, for appellant.

*Michael E. Ryburn*, for appellees.