

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-16-150

THE W L HARPER COMPANY
AMERICAN ZURICH INSURANCE
COMPANY

**APPELLANTS**

V.

GEORGE T. WOODS

**APPELLEE**

**Opinion Delivered:** September 21, 2016

APPEAL FROM THE ARKANSAS
WORKERS' COMPENSATION
COMMISSION
[NO. G401916]

AFFIRMED

---

## WAYMOND M. BROWN, Judge

Appellants appeal from the January 14, 2016 opinion of the Arkansas Workers' Compensation Commission (Commission) affirming the April 23, 2015 opinion of the administrative law judge (ALJ) by finding that appellee proved he sustained a compensable injury in the form of bilateral carpel tunnel syndrome; that he was entitled to temporary total disability benefits from July 13, 2013, to January 26, 2015; and that the medical treatment of record for his bilateral carpal tunnel syndrome was reasonably necessary. On appeal, appellants' sole argument is that substantial evidence does not support the Commission's finding that appellee sustained a compensable, gradual-onset injury in the form of bilateral carpal tunnel syndrome. We affirm.

Appellee began working for appellant The W L Harper Company (The Harper Company) in 2010.[1] He worked eight separate jobs with The Harper Company, varying in

---

[1] The exact date of hire is not given.

length of time from four months to nine months, as a seasonal worker. He filed for and received unemployment benefits in between jobs. He worked for The Harper Company as a concrete finisher, a job which included many duties, but he was mainly responsible for edge work, which was hand-intensive, requiring smoothing, leveling, and finishing concrete.

On July 13, 2013, appellee experienced sharp pain in his hands while finishing concrete, requiring him to stop working for an hour. He then returned to work and completed his day, but he switched jobs to driving a tractor and cleaning up concrete. That night he went to the emergency room due to pain, numbness, and swelling in his hands. At some point, appellee filed a claim for workers' compensation benefits.[2]

On January 26, 2015, a hearing was held before the ALJ. The parties stipulated that the Commission had jurisdiction; an employer-employee relationship existed on July 13, 2013; appellee was entitled to maximum compensation rates if compensability was established; and the claim was controverted in its entirety.

Appellee gave the only testimony. Appellee testified that his job required "a lot of hand work[,]" noting that he "spent pretty much the whole day working with the [hand] trowels or bump cutter." He was paid $28 per hour and worked "anywhere from eight to ten to twelve hours a day." On July 13, 2013, he experienced "a sharp pain through [his] hands" that "really hit [him]." He was making a circular motion when "suddenly [his] right hand had discomfort" and "within a minute[,]" the pain went into his arm and then up his

---

[2] It is unknown when the claim was filed based on this record. The form was used during the hearing to refresh appellee's memory, but it was not introduced below.

shoulder and into his lower back. "A minute or two later," his left hand did the same thing. He had not had pain in his hands like that pain before as it was "more than hand cramps; it ran all the way up [his] shoulders and down his back." He had experienced cramping before, but not that type of pain. There was no specific trauma on that date and he had had no specific trauma to his hand or arms prior to that date. He was doing "the same kind of work [he] normally [did]" on the date of the accident. He told his supervisor about his pain on the day it happened. He testified to going to the emergency room at Northwest Medical in Springdale on the night of July 13, 2013, for swelling and pain.[3]

He admitted having had issues with his hands and arms prior to July 13, 2013, though he had said he had not had any such issues during his deposition, but he "didn't consider what was going on before July 13, 2013[,] as a problem. It was not bothering [him] that bad. It was not an everyday constant pain. [He] was able to work." His visits to the doctor prior to July 13, 2013, were for cramping, and not pain or tingling, though stated as such in some of the reports. He admitted that he answered "no" to certain questions in his deposition of whether he had experienced pain in his hands, upper extremities, arms, elbows, neck, mid back and lower back. However, he maintained that he should have answered "no." When asked during his deposition about "general pain in [his] hands and arms[,]" he considered his pains prior to July 13, 2013, to be cramps and he "did not consider

---

[3] Appellee did not provide the medical records for this visit. Appellants provided affidavits from the custodian of records of each of the surrounding four hospitals showing that none had any medical records for appellee; however, appellee denied going to any of the four hospitals from which appellants sought records. He specifically denied going to Northwest Medical in Benton County.

the cramping either significant enough or continual enough to tell [appellants' attorney] about it."

The pain had gotten worse in his hands, arms, shoulders, and through his back, requiring him to take "pain meds and things like that." He denied that any doctor had told him that he had carpal tunnel; however, he believed his work "doing the same repetitive action" as a concrete finisher caused the problems in his hands and arms. He maintained that he was also having pain in his legs and that the reports detailing a pain experience of nine out of ten on a scale of one to ten were referencing the pain in his legs and not his hands and arms. He no longer works for The Harper Company, but is working for another company making $12 per hour.

Pertinent medical evidence was as follows. On November 15, 2012, appellee presented to Dr. Nii Sabab Quao complaining of pain in his legs, both wrists, and his back. Dr. Quao assessed appellee with "1. L/S/ rad Bil. 2. Nephrolithiasis. 3 COPD. 4. Bronchitis. 5. L/A/ Rad. 6. Htn." His assessment further included "CTS Bil." Dr. Quao's treatment plan included "F/U employer re CTS Bil." On February 12, 2013, following two additional appointments, Dr. Quao performed a "Sensory Conduction Study – Class III." The Electrodiagnostic Report therefrom stated:

> Higher amplitudes identify pathology with statistical sensitivity approaching 100%. High amplitudes in the median or ulnar palmar branches identify pathology proximal to the wrist. The radial and median nerves arise from C6-7 nerve roots, so correlation with cervical plexus findings rule in or out cervical radiculopathy. Testing above and below the medial elbow identifies cubital tunnel entrapment when the distal segment has the higher, amplitude. If the proximal is higher radiculopathy is suspected. Correlation with the history and other findings is necessary before initiating or changing treatment. Below normal amplitudes correlate with irritation and may suggest possible adjacent inflammatory activity, which warrants investigation for possible concomitant pathology.

On March 12, 2013, Dr. Quao noted that appellee complained of back, leg, shoulder, and arm pain. He assessed appellee with "1. Htn. 2. COPD. 3. Hyperthyroidism. 4. DJD. 5. Chronic LBP. 6. CTS." He further noted "CTS getting worse." "CTS Bil" was listed on every evaluation of appellee by Dr. Quao before July 13, 2013, and he continued to be treated for the same after that date.·

On July 30, 2013, appellee was seen by Dr. Jim Cheeks who assessed him with hand pain, tingling sensation, and neck pain. Dr. Cheeks ordered a physical therapist referral that appellee began on August 5, 2013, and from which he was discharged to "self care" on August 23, 2013. Appellee continued to follow-up with Dr. Quao who had assessed him with "CTS Bil" on July 31, 2013. Appellee was still complaining of "sharp and throbbing" hand pain, the onset of which "was gradual[,]" when he saw Kristen Sheman, PA, on May 16, 2014, and June 13, 2014.

In its opinion filed April 23, 2015, the ALJ found, in pertinent part, that:

1.  The Claimant has proven by a preponderance of the evidence that he suffered a compensable injury on July 13, 2013 in the form of bilateral carpal tunnel syndrome. The claimant's bilateral carpal tunnel syndrome arose out of and in the course of his employment. He has provided proof in the form of objective medical findings and has proven that the injury is the major cause of his disability and need for treatment.

2.  Having found that the claimant suffered a compensable injury in the form of bilateral carpal tunnel syndrome, he is entitled to the appropriate medical benefits and temporary total disability.

Appellants appealed to the Full Commission.

The Commission affirmed the ALJ in an opinion filed January 14, 2016, finding that appellee proved he sustained a compensable injury in the form of bilateral carpal tunnel

syndrome; he was entitled to temporary total disability benefits from July 13, 2013, to January 26, 2015; and the medical treatment of record for his bilateral carpal tunnel syndrome was reasonably necessary in connection with Arkansas Code Annotated section 11-9-508(a).[4] This timely appeal followed.

When reviewing a decision of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission, and we affirm that decision if it is supported by substantial evidence.[5] Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[6] We will not reverse the Commission's decision unless we are convinced that fair-minded persons with the same facts before them could not have reached the conclusions arrived at by the Commission.[7] It is the function of the Commission to determine the credibility of witnesses and the weight to be given their testimony.[8] Once the Commission has made its decision on issues of credibility, the appellate court is bound by that decision.[9]

---

[4] (Repl. 2012).

[5] *Thrapp v. Smith Blair, Inc.*, 2013 Ark. App. 683, at 5, 430 S.W.3d 810, 814 (citing *Kimble v. Labor Force, Inc.*, 2013 Ark. App. 601, 430 S.W.3d 156).

[6] *Id.*, 2013 Ark. App. 683, at 5–6, 430 S.W.3d at 814.

[7] *Id.*, 2013 Ark. App. 683, at 6, 430 S.W.3d at 814.

[8] *Id.*

[9] *Cottage Cafe, Inc. v. Collette*, 94 Ark. App. 72, 74, 226 S.W.3d 27, 29 (2006) (citing *Strickland v. Primex Technologies*, 82 Ark. App. 570, 120 S.W.3d 166 (2003)).



Arkansas Code Annotated section 11-9-102 defines a compensable injury, in pertinent part, as:

> (ii)    An injury causing internal or external physical harm to the body and arising out of and in the course of employment if it is not caused by a specific incident or is not identifiable by time and place of occurrence, if the injury is:
>
>     a.  Caused by rapid repetitive motion. Carpal tunnel syndrome is specifically categorized as a compensable injury falling within this definition;
>
>     b.  A back or neck injury which is not caused by a specific incident or which is not identifiable by time and place of occurrence[.][10]

A compensable injury must be established by medical evidence supported by objective findings.[11] Objective medical evidence is necessary to establish the existence and extent of an injury but not essential to establish the causal relationship between the injury and a work-related accident.[12] Objective findings are defined as "those findings which cannot come under the voluntary control of the patient."[13] Because carpal tunnel syndrome is recognized as a gradual-onset injury, it is not necessary that a claimant prove that his carpal tunnel injury was caused by rapid, repetitive motion.[14] A claimant seeking workers'

---

[10] Ark. Code Ann. § 11-9-102(4)(A) (Repl. 2012).

[11] *Serrano v. Westrim, Inc.*, 2011 Ark. App. 771, at 8, 387 S.W.3d 292, 297 (citing Ark. Code Ann. § 11-9-102(4)(D)).

[12] *Id.* (citing *Wal-Mart Stores, Inc. v. VanWagner*, 337 Ark. 443, 447, 990 S.W.2d 522, 524 (1999)).

[13] *Parson v. Ark. Methodist Hosp.*, 103 Ark. App. 178, 181, 287 S.W.3d 645, 647 (2008) (citing Ark. Code Ann. § 11-9-102(16)(A)(i) (Supp. 2007)).

[14] *Sally v. Serv. Master*, 2009 Ark. App. 209, at 6, 301 S.W.3d 7, 11 (citing *Freeman v. Con-Agra Frozen Foods*, 344 Ark. 296, 40 S.W.3d 760 (2001)).

compensation benefits for a gradual-onset injury must prove by a preponderance of the evidence that (1) the injury arose out of and in the course of his or her employment; (2) the injury caused internal or external physical harm to the body that required medical services or resulted in disability or death; and (3) the injury was a major cause of the disability or need for treatment.[15] "Major cause" means more than fifty percent of the cause, which the claimant must establish by a preponderance of the evidence.[16] "Preponderance of the evidence" means evidence of greater convincing force and implies an overbalancing in weight.[17]

Appellee worked for The Harper Company for six years, albeit seasonally, prior to and through July 13, 2013. The fact that appellee's diagnosis of bilateral carpal tunnel syndrome occurred in the nine months prior to the date of his asserted injury does nothing to negate appellee's claim. The very nature of the injury acknowledges that awareness of the injury and its causation will take time.[18] The timely reporting of an injury has no bearing on the compensability of a claim.[19] It is undisputed that carpal tunnel syndrome is the basis

---

[15] *Cottage Cafe, Inc. v. Collette*, 94 Ark. App. 72, 74, 226 S.W.3d 27, 29 (2006).

[16] *Walgreen Co. v. Goode*, 2012 Ark. App. 196, at 11, 395 S.W.3d 398, 404 (citing Ark. Code Ann. § 11-9-102(14)(A) (Repl. 2002); *Yellow Transp., Inc. v. Bennett*, 2009 Ark. App. 424).

[17] *Ray Baxter, P.A. v. Baxter*, 2012 Ark. App. 251, at 8, 413 S.W.3d 561, 566 (citing *Potlatch Corp. v. Word*, 2009 Ark. App. 772, 359 S.W.3d 426).

[18] *Sally*, *supra*.

[19] *Id.*, 2009 Ark. App. 209, at 6–7, 301 S.W.3d 7, 11 (citing *Service Chevrolet v. Atwood*, 61 Ark. App. 190, 966 S.W.2d 909 (1998)).

for appellee's disability and need for treatment. The only issues are whether the condition was preexisting, as argued by appellants, or work-related, as argued by appellee.

Appellee's job with The Harper Company was "meticulous[,] hand-intensive, and repetitive." There was no record of any complaints of pain, cramping, or tingling in appellee's hands prior to November 2012. There was no record of appellee working for another employer. In fact, appellants agree with and concede to appellee's testimony that he did not work for another employer during the time he worked for The Harper Company. Even though appellee's bilateral carpal tunnel syndrome existed prior to July 13, 2013, there is no evidence proving that it existed prior to appellee's employment with The Harper Company.

Under circumstances where nothing in the record indicates another cause for appellee's carpal tunnel syndrome, and the medical records show no evidence of any carpal tunnel symptoms prior to November 2012—a time when appellee had already been working exclusively for The Harper Company for a number of years—we agree with the Commission that there was substantial evidence to support its finding of a compensable injury and its award of benefits.[20]

Appellants acknowledge this court's longstanding rule that credibility is the exclusive province of the Commission; however, they spend a great deal of their argument focusing on appellee's credibility. Specifically, they argue "the Full Commission arbitrarily ignored

---

[20] *Sally v. Serv. Master*, 2009 Ark. App. 209, at 7, 301 S.W.3d 7, 11 (2009) (citing *Heptinstall v. Asplundh Tree Expert Co.*, 84 Ark. App. 215, 220, 137 S.W.3d 421, 424 (2003)).

and failed to address the credibility of Appellee[,]" alternatively arguing that "this claim should be remanded for an appropriate consideration of Appellee's credibility." It goes on to cite case law for the premises that the Commission cannot arbitrarily disregard a witness's testimony and must have some articulated fact in the decision to support its findings, in addition to reminding this court that the testimony of an interested witness is always controverted.

While it is true that the testimony of an interested party is always considered to be controverted,[21] merely relying upon appellee's status as an interested party is insufficient to support disregarding his testimony.[22] It is the Commission's province to weigh the evidence and determine what is most credible.[23] The issue on appeal is not whether we would have reached a different result or whether the evidence would have supported a contrary conclusion.[24] If the Commission's conclusions are not unreasonable, we must affirm even if a preponderance of the evidence might indicate a contrary result, because it is not the role of the appellate court to weigh the evidence and judge the credibility of the witnesses.[25]

---

[21] *Id.*, 2009 Ark. App. 209, at 4, 301 S.W.3d 7, 10 (citing *Cooper v. Hiland Dairy*, 69 Ark. App. 200, 11 S.W.3d 5 (2000)).

[22] *Id.*, 2009 Ark. App. 209, at 5, 301 S.W.3d 7, 10.

[23] *Weld Rite, Inc. v. Dungan*, 2012 Ark. App. 526, at 2, 423 S.W.3d 613, 615 (citing *Minn. Mining & Mfg. v. Baker*, 337 Ark. 94, 989 S.W.2d 151 (1999); *Buford v. Standard Gravel Co.*, 68 Ark. App. 162, 5 S.W.3d 478 (1999)).

[24] *Id.* (citing *Sharp County Sheriff's Dep't v. Ozark Acres Improvement Dist.*, 75 Ark. App. 250, 57 S.W.3d 764 (2001)).

[25] *Ray Baxter, P.A. v. Baxter*, 2012 Ark. App. 251, at 9, 413 S.W.3d 561, 566 (citing *St. Joseph's Mercy Med. Ctr. v. Redmond*, 2012 Ark. App. 7, 388 S.W.3d 45).

SLIP OPINION

There were objective medical findings before the Commission showing that appellee developed bilateral carpal tunnel syndrome while employed solely by The Harper Company for a period of six years, that his job with The Harper Company was repetitive and hand-intensive, and that he received reasonably necessary treatment for the condition. We cannot find that the Commission committed error.

Affirmed.

VAUGHT and HIXSON, JJ., agree.

*Mayton, Newkirk & Jones*, by: *L. Eric Newkirk*, for appellants.

*McKinnon Law Firm*, by: *David L. Schneider*, for appellee.