WAYMOND M. BROWN, Judge
Appellant Alice McCutchen appeals the July 14, 2017 opinion of the Arkansas Workers' Compensation Commission (Commission) affirming the February 3, 2017 opinion of the administrative law judge (ALJ) finding that appellant failed to prove by a preponderance of the credible evidence that she sustained a compensable right-knee injury on May 9, 2016. Appellant's sole argument on appeal is that substantial evidence does not support the Commission's finding. We affirm.
Appellant began working for Human Development Center (HDC) in 2013 as a food-prep specialist. Her duties included cooking, cleaning, sweeping, prepping the food, and answering the telephone. She was working in that capacity on May 9, 2016, on the 9:00 a.m.-5:30 p.m. shift. On May 9, between 2:45 and 5:00, she claims that she injured herself while on break. More specifically, she contends that while she was preparing to eat a sandwich, the stool she was attempting to sit on moved, causing her to fall and land on top of it. After the fall, she received a phone call requiring her to prepare a salad and fix cheese dip for a client. She completed her duties, including cleaning the kitchen, and left. Appellant subsequently went to church. While standing at church talking to someone, appellant felt a "crack" and immediately noticed pain and swelling in her right knee. She went to the emergency room on May 10 and reported the injury to HDC that same day. Appellant had an MRI performed on May 19, 2016, which revealed a meniscal tear, osteoarthritis, synovitis, and chondromalacia. She underwent surgery on July 1, 2016, and the history from that date indicated that appellant had experienced some prior right-knee pain, but that it got acutely worse after May 9, 2016. Appellant was released to return to work on August 15, 2016.[1]
A hearing was held before the ALJ on November 8, 2016. The parties stipulated that an employer-employee relationship existed on May 9, 2016, and appellant was entitled to a compensation rate of $238/$179 if compensability was established. The claim was controverted in its entirety.
Appellant testified that she was unsure of the time of her injury, but admitted that she had indicated that it was around 5:00 p.m. She stated that she decided to take *510 her break in the kitchen on May 9, 2016, which required her to answer the phone. She said that when she attempted to sit on a stool, it slipped from under her and fell, causing her to fall on her bottom on top of the stool. She testified that she was unsure if her knee twisted or hit anything, but she said that her ankle went one way and her knee went the other way. She stated that all of her weight was on her right knee. Appellant said that Kalani Gannaway, a co-worker, was walking by at the time and witnessed her fall. She further testified:
He was on his way out the door. We didn't talk about it. He saw it and asked me if I was ok. I started laughing and said yes. I laughed because I was embarrassed because I fell in front of one of my coworkers. Alicia was my supervisor. I did not report it to her that day. I did not know that she was there at the time.
Appellant stated that she went to church after work. She denied doing anything to her knee between the time she left work and arrived at church.
Upon being questioned by the ALJ, appellant stated that she did not experience any pain or symptoms after her fall until she went to church. She said that while at church, her knee popped, causing her pain to the extent that she could hardly walk.
On cross-examination, appellant stated that after the incident, she got up and tried to eat her sandwich but that she received a call to fix a salad and cheese dip for a client. She admitted that she was able to leave work and drive to church without experiencing any pain in her knee. She indicated that her knee gave out, cracked, and buckled while she was at church. Appellant testified that she is five feet three inches and weighs between 225 and 230 pounds. On redirect, appellant stated that the fall was the only thing that happened on May 9 to injure her knee.
Alicia Jones, appellant's supervisor, stated that she was at work on May 9, 2016. She said that Kalani was in the office with her before he left that day. She testified that she subsequently heard some laughing and waited until Kalani was in the parking lot before she went to ask appellant about the laughter. She stated that at that time appellant was getting on the stool. Jones said that she could not state whether appellant fell because appellant did not report a fall to Jones on May 9. She testified on cross-examination that she did not see the alleged fall and could not say whether appellant was lying about falling. She admitted that appellant reported the knee injury the next day.
In its opinion filed on February 3, 2017, the ALJ found that appellant injured her knee at church and denied appellant's claim for benefits. Appellant appealed to the Commission. The Commission affirmed and adopted the ALJ's findings in an opinion filed on July 14, 2017. This timely appeal followed.
When reviewing a decision of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission, and we affirm that decision if it is supported by substantial evidence.[2] Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[3] We will not reverse the Commission's decision unless we are convinced that fair-minded persons with the same facts before them could not *511 have reached the conclusions arrived at by the Commission.[4] It is the function of the Commission to determine the credibility of witnesses and the weight to be given their testimony.[5] Once the Commission has made its decision on issues of credibility, the appellate court is bound by that decision.[6]
To prove a compensable injury as a result of a specific incident that is identifiable by time and place of occurrence, the claimant must establish by a preponderance of the evidence (1) an injury arising out of and in the course of employment; (2) that the injury caused internal or external harm to the body that required medical services or resulted in disability or death; (3) medical evidence supported by objective findings, as defined in Arkansas Code Annotated section 11-9-102(16),[7] establishing the injury; and (4) that the injury was caused by a specific incident identifiable by time and place of occurrence.[8]
In arguing that substantial evidence does not support the Commission's findings, appellant contends that the "medial records and filings all reflect an injury occurring at work.... [T]here is no evidence to support an injury occurring anywhere other than at work." Appellant also contends that the Commission ignored testimony and other evidence admitted during the hearing. We disagree. The only testimony reflecting that appellant fell at work on May 9, 2016, came from appellant. The testimony of an interested party is always considered to be controverted.[9] It is the Commission's province to weigh the evidence and determine what is more credible.[10] Here, the evidence shows that appellant did not experience pain or swelling in her right knee until after her knee popped and buckled while she was standing at church. She was able to complete her job duties and drive herself to church without any indication that she was injured. Thus, the Commission's finding that appellant's right-knee injury was not work related is supported by the evidence. Accordingly, we affirm.
Affirmed.
Gladwin and Murphy, JJ., agree.

She actually returned to work on August 2, 2016.

Thrapp v. Smith Blair, Inc. , 2013 Ark. App. 683, 430 S.W.3d 810.

Id.

Id.

Id.

Cottage Café, Inc. v. Collette , 94 Ark. App. 72, 226 S.W.3d 27 (2006).

(Repl. 2012).

Ark. Code Ann. § 11-9-102(4)(A)(i).

Sally v. Serv. Master , 2009 Ark. App. 209, 301 S.W.3d 7.

Weld Rite, Inc. v. Dungan , 2012 Ark. App. 526, 423 S.W.3d 613.